**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Key West Division**

Case No.:

HAILEY S. METZ,
an individual,

        Plaintiff,

v.

EAGLE RAY DIVERS, LLC d/b/a
RAINBOW REEF DIVE CENTER,
a Florida corporation, JOHN A.
BUCKLEY, an individual,
BILLY WISE, an individual, and
DONALD J. WOOD, an individual,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HAILEY S. METZ (hereinafter "Metz"), individually, by and through her undersigned counsel, files this Complaint and sues Defendants, EAGLE RAY DIVERS, LLC d/b/a RAINBOW REEF DIVE CENTER (hereinafter "Rainbow Reef"), JOHN BUCKLEY (hereinafter "Buckley"), BILLY WISE (hereinafter "Wise"), and DONALD J. WOOD (hereinafter "Wood"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA"), the Jones Act, 46 U.S.C. §30104, and 26 U.S.C. §7434, and in support thereof, states as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction is proper in this Court as claims are brought pursuant to the FLSA, 29 U.S.C. §201, *et seq.*, to recover overtime wages, liquidated damages, statutory penalties, other

damages, and reasonable attorney's fees and costs pursuant to the FLSA, 29 U.S.C. §201, *et seq.*, to recover damages under 26 U.S.C. §7434 and to recover damages under the Jones Act, 46 U.S.C. §30104 and the General Maritime Laws of the United States.

2.      The Court has jurisdiction over this controversy pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

3.      Venue is proper in the United States District Court, Southern District of Florida, pursuant to 28 U.S.C. §1391 because Defendants are employers within the meaning of 29 U.S.C. §203 located within the Southern District of Florida and as the events giving rise to this Complaint occurred within this District.

4.      At all times material hereto, Plaintiff Metz has been an adult resident of Monroe County, Florida.

5.      At all times material hereto, Defendant Buckley has been an adult resident of Monroe County, Florida.

6.      At all times material hereto, Defendant Wise has been an adult resident of Monroe County, Florida.

7.       At all times material hereto, Defendant Wood has been an adult resident of Monroe County, Florida.

**FACTUAL ALLEGATIONS COMMON TO FLSA COUNTS**

8.      Defendant Rainbow Reef is an "employer" within the meaning of 29 U.S.C. §203(d). Defendant Rainbow Reef has its principal office and place of business at 100800 Overseas Highway, Suite 2, Key Largo, Florida 33037.

9.      At all times material hereto, Defendant Buckley has been the General Manager of Defendant Rainbow Reef and regularly exercised the authority to determine the work schedules of

employees, set the rate of pay of employees, and control finances and operations of Defendant Rainbow Reef. By virtue of such control and authority, Defendant Buckley is Plaintiff's employer as such term is defined by the FLSA.

10.     At all times material hereto, Defendant Wise has been the General Manager of Defendant Rainbow Reef and regularly exercised the authority to determine the work schedules of employees, set the rate of pay of employees, and control finances and operations of Defendant Rainbow Reef. By virtue of such control and authority, Defendant Wise is Plaintiff's employer as such term is defined by the FLSA.

11.     At all times material hereto, Defendant Wood has been the owner of Defendant Rainbow Reef and regularly exercised the authority to determine the work schedules of employees, set the rate of pay of employees, and control finances and operations of Defendant Rainbow Reef. By virtue of such control and authority, Defendant Wood is Plaintiff's employer as such term is defined by the FLSA.

12.     Defendant Rainbow Reef is governed by and subject to 29 U.S.C. §§206 and 207.

13.     Defendants Buckley, Wise and Wood are governed by and subject to 29 U.S.C. §§206 and 207.

14.     Defendant Rainbow Reef operates as an organization that sells, markets, or handles goods, materials and/or services for customers throughout the United States, provides its services for goods sold or transported across state lines, obtains and solicits funds from sources outside of Florida, accepts funds from sources outside of Florida, transmits funds outside of Florida and otherwise regularly engages in interstate commerce.

15.     At all material times, Defendants continued to be "engaged in commerce" within the meaning of 29 U.S.C. §207(a)(1) of the FLSA.

16.     Upon information and belief, Defendant Rainbow Reef's annual gross revenue was in excess of $500,000.00 per annum at all times material to this action.

17.     Plaintiff Metz a non-exempt employee within the meaning of 29 U.S.C. §203(e)(1) of Defendants who has had her overtime wages unlawfully withheld and was paid less than the minimum wage in direct violation of the FLSA within the past two (2) years.

18.     Plaintiff Metz began her employment with Defendants in or around August 2018 and remains employed by Defendants.

19.     At all times material hereto, Defendants failed to compensate Plaintiff at not less than a minimum wage within the meaning of 29 U.S.C. §206, despite Plaintiff being a non-exempt employee under the FLSA.

20.     At all times material hereto, Defendants required Plaintiff to work hours beyond forty (40) hours per week, but Plaintiff was not compensated for such overtime, despite being a non-exempt employee under the FLSA.

21.     Plaintiff Metz is employed by Defendants in the role of a first mate and guide with Defendants Rainbow Reef.

22.      Plaintiff Metz is required by Defendants go on 2-3 "trips" per day, Friday through Thursday, each of which lasts approximately five (5) to six (6) hours per trip.  Defendants compensated Plaintiff at a flat rate of $45 per trip as first mate and $50 per trip as a guide. As such, Defendants compensated Plaintiff at a rate less than the minimum wage within the meaning of 29 U.S.C. §206 and did not compensate Plaintiff for all overtime hours worked by Plaintiff as required under the FLSA.

23.     Under the FLSA, Defendants are required to pay their employees not less than one- and one-half times each employee's pay for all hours worked over forty (40) hours in a work week.

24.     At all material times, Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA in that Defendants intentionally and willfully withheld overtime wages to which the Plaintiff was entitled and failed to pay Plaintiff at not less than the prevailing minimum wage for all hours worked.

25.     At all times material hereto, Defendants knew or should have known that by law they are required to pay Plaintiff overtime for all hours worked over forty (40) hours in a work week.

26.     Under the FLSA, Defendants are required to pay their employees not less than one- and one-half times the employees' pay for all hours worked over forty (40) hours in a work week.

27.     At all times material hereto, Defendants knew or should have known that by law they are required to pay Plaintiff not less than the prevailing minimum wage for all hours worked.

28.     Under the FLSA, Defendants are required to pay their employees not less than the prevailing minimum wage for all hours worked.

29.     All conditions precedent to bringing this lawsuit have been satisfied or waived.

30.     Plaintiff has retained undersigned counsel to represent her in this litigation and has agreed to pay a reasonable fee for the undersigned counsel's services.

**FACTUAL ALLEGATIONS COMMON TO JONES ACT COUNTS**

31.     At all times material hereto, Defendant Rainbow Reef owned, operated, managed, maintained and/or controlled American vessels.

32.     At all times material hereto, Defendant Rainbow Reef is vicariously liable for the actions of the crew and any other passengers on their American vessels.

33.     On or about January 30, 2019, Plaintiff Metz was employed by Defendant Rainbow Reef as a seaman and was a member of one of Defendants' American vessels. The said vessel was

in navigable waters on the said date.

34.     On or about January 30, 2019, Plaintiff Metz was injured while working aboard one of Defendant Rainbow Reef's American vessels wherein a battery pack on board the vessel exploded and injured Plaintiff. As a direct and proximate result of the explosion, Plaintiff Metz temporarily lost her hearing, her ability to dive was reduced for several months, and she suffered from severe headaches and nausea for several months thereafter. As a direct and proximate result of the explosion, Plaintiff Metz continues to experience panic attacks and remains highly sensitive to loud noises.

35.     All conditions precedent to bringing this lawsuit have been satisfied or waived.

## COUNT I
**(Fair Labor Standards Act - Failure to Pay All Earned Overtime Compensation)**
**(ALL DEFENDANTS)**

36.     Plaintiff re-alleges and reincorporates the allegations set forth in Paragraphs 1 through 30 as if fully set forth herein.

37.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §201, *et seq*.

38.     Plaintiff was employed with Defendants as a first mate and guide and Plaintiff was paid a flat fee of $45 for all trips taken as a first mate and a flat fee of $50 for all trips taken as a guide.

39.     Defendants required Plaintiff to work forty (40) hours per week plus extended overtime hours beyond the forty (40) hours on a frequent basis.

40.     Specifically, Defendants required Plaintiff to work 1-3 "trips" per day, Friday through Thursday, each of which would last approximately five (5) to six (6) hours per trip. Such overtime work performed by Plaintiff and required by Defendant is not exempt under the FLSA.

41.     Plaintiff was performing services for an average of approximately fifty (50) hours a week for the Defendant.

42.     Consequently, Plaintiff worked overtime for which she is entitled to be compensated.

43.     Defendants are obligated to pay Plaintiff overtime wages not less than one and one-half times the employee's regular rate of pay for all hours worked over forty (40) hours in a work week.

44.     Defendants have failed and/or otherwise refused to pay Plaintiff for such overtime worked by Plaintiff and required by Defendant in violation of the FLSA.

45.     At all relevant times, Defendants have been aware of the provisions of FLSA and/or knew or should have known of their obligation to pay Plaintiff overtime compensation pursuant to the FLSA, 29 U.S.C. §201, *et seq*. Defendants' actions and/or omissions as alleged herein were knowing, willful, in bad faith and/or in reckless disregard of the provisions of the FLSA.

46.     As a direct and proximate cause of Defendants' willful violations of the FLSA, overtime compensation has been unlawfully withheld from the Plaintiff for which Defendants are liable pursuant to 29 U.S.C. §216(b) for such withheld overtime wages for the last three (3) years, together with an equal amount of unpaid overtime wages as liquidated damages, interest, reasonable attorney's fees and the costs of this action.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award Plaintiff all unpaid overtime compensation and all interest thereon accruing from the date such amounts were due; liquidated damages in an amount equal to the compensation shown to be owed pursuant to 29 U.S.C. §216(b); attorney's fees and costs under the FLSA against Defendants; and such other monetary and equitable relief as this Court deems just and proper.

## COUNT II
### (Fair Labor Standards Act - Failure to Pay Minimum Wage)
### (ALL DEFENDANTS)

47.     Plaintiff re-alleges and reincorporates the allegations set forth in Paragraphs 1 through 30 as if fully set forth herein.

48.     The FLSA requires covered employers, including Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. At all times material to this action, the Florida minimum wage was set at $8.25 per hour for each hour worked in 2018 and $8.46 for each hour worked in 2019.

49.     Defendants willfully and intentionally refused to pay Plaintiff even a minimum wage as required by the FLSA for all hours that Plaintiff worked for Defendants.

50.     Defendants know and/or showed reckless disregard for the provisions of the FLSA and failed to investigate whether their failure to pay Plaintiff a minimum wage for each hour worked by Plaintiff violated the FLSA.

51.     Plaintiff is entitled to a back-pay award of minimum wages under the FLSA for all hours worked, plus an equal amount as a penalty, plus all of Plaintiff's attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award Plaintiff all unpaid wages and all interest thereon accruing from the date such amounts were due; liquidated damages in an amount equal to the compensation shown to be owed pursuant to 29 U.S.C. §216(b); attorney's fees and costs under the FLSA against Defendants; and such other monetary and equitable relief as this Court deems just and proper.

## COUNT III
### (Jones Act Negligence)
### (RAINBOW REEF)

52.     Plaintiff re-alleges and reincorporates the allegations set forth in Paragraphs 1

through 7 and 31 through 35 as if fully set forth herein.

53.     It was the non-delegable duty of Defendant Rainbow Reef to provide Plaintiff with a safe place to work.

54.     Plaintiff's injuries are due to the fault and negligence of Defendant Rainbow Reef and/or its agents, servants, and/or employees as follows:

    a.   Failure to use reasonable care to provide and maintain proper and adequate machinery, crew and equipment;

    b.   Failure to use reasonable care to provide Plaintiff a safe place to work;

    c.   Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the employees and, more particularly, the Plaintiff, while engaged in the course of her employment on Defendant Rainbow Reef's vessels;

    d.   Failure to use reasonable care to provide Plaintiff a safe place to work due to:

        i.   Failure to properly train crew members relating to items brought on board Defendant Rainbow Reef's vessels; and/or

        ii.   Failure to adequately manage and/or inform crew members relating to items brought on board Defendant Rainbow Reef's vessels; and/or

        iii.   Failure to train and/or instruct medical personnel and/or other crew members to appropriately respond to an injured crew member and/or report an emergency to get proper assistance; and/or

        iv.   Endangering the life of Plaintiff, due to Defendant Rainbow Reef's carelessness and reckless disregard for items brought on board by crew members and/or passengers; and/or

     v.   Failure of crew members and/or other passengers to exercise reasonable care for the safety of Plaintiff and other crew members and/or passengers at the time of the subject incident; and/or

    vi.   Failure to have adequate policies and/or procedures for the prevention of safety breaches by crew members and/or other passengers; and/or

   vii.   Failure to adequately supervise to prevent safety breaches; and/or

  viii.   Failure to regularly test all items/equipment brought on board for defects and/or safety problems; and/or

    ix.   Failure to have and/or implement safeguards that would have prevented the subject incident.

e.   Failure to provide adequate instruction and supervision to crew members, passengers and/or Plaintiff;

f.   Prior to Plaintiff's accident, Defendant Rainbow Reef failed to investigate the hazards to Plaintiff and take necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the hazard;

g.   At all times material hereto, Defendant Rainbow Reef failed to determine the hazards on the vessel to Plaintiff, failed to eliminate the hazards, failed to modify the hazard and failed to properly warn Plaintiff of the hazard. All of the above caused Plaintiff to be injured.

55.    Defendant Rainbow Reef knew of the foregoing conditions which caused Plaintiff's accident and did not correct them and/or the condition existed for a sufficient length of time such that Defendant Rainbow Reef, in the exercise of reasonable care, should have learned of them and corrected them.

10

56.     As a result of the negligence and recklessness of Defendant Rainbow Reef, Plaintiff was injured, endured physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience of the normal pursuits and pleasures of life, incurred medical expenses in the care and treatment of Plaintiff's injuries and lost wages.

57.     The injuries and damages are permanent and continuing in nature and Plaintiff will suffer losses in the future.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award Plaintiff all damages to which she is entitled by law, attorney's fees, pre-judgment and post-judgment interest, costs and such other monetary and equitable relief as this Court deems just and proper..

**COUNT IV**
**(Failure to Provide Maintenance and Cure)**
**(RAINBOW REEF)**

58.     Plaintiff re-alleges and reincorporates the allegations set forth in Paragraphs 1 through 7 and 31 through 35 as if fully set forth herein.

59.     On or about the date of the incident, Plaintiff, while in the service of one of Defendant Rainbow Reef's vessels as a crew member, was injured.

60.     Under General Maritime Law, Plaintiff, as an injured seaman is entitled to recover maintenance and cure from Defendant Rainbow Reef, until she is declared to have reached maximum possible cure. This includes, but is not limited to, unearned wages (regular wages, overtime, and tips), living expenses, and medical costs.

61.     The duty of Defendant Rainbow Reef to provide such maintenance and cure is non-delegable and on-going in nature.

62.     Defendant Rainbow Reef's failure to provide and/or reinstate maintenance and cure

to Plaintiff, complete medical attention and/or investigate Plaintiff's need for further medical attention caused Plaintiff additional pain and suffering and lengthened the time required for Plaintiff to reach maximum medical cause.

63.     Defendant Rainbow Reef knew or should have known that Plaintiff was in need of further medical care, attention, and treatment while recovering from the incident, yet Defendant Rainbow Reef willfully and callously delayed, failed and/or refused to provide and/or reinstate maintenance and cure to Plaintiff, failed to provide medical attention, failed and/or refused to provide and/or reinstate Plaintiff with maintenance and cure benefits, unearned wages, reimbursement of medical and other expenses incurred by Plaintiff and failed to investigate Plaintiff's need for additional medical attention, thereby causing Plaintiff additional pain and suffering and lengthened the time required to reach maximum medical recovery.

64.     Defendant Rainbow Reef willfully and callously failed to pay Plaintiff's entire maintenance and cure such that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

65.     Defendant Rainbow Reef's breach of its non-delegable duty to provide maintenance and cure and unearned wages is willful, arbitrary, capricious and in callous disregard for Plaintiff's rights as a seaman and, therefore, Plaintiff is entitled to recover her attorney's fees from Defendant Rainbow Reef.

WHEREFORE, Plaintiff demands judgment against Defendant Rainbow Reef for all damages recognized at law along with attorney's fees and costs, pre-judgment and post-judgment interest and all other relief this Court deems just and appropriate.

**COUNT V**
**(Violation of 26 U.S.C. §7434)**
**(RAINBOW REEF)**

66.     Plaintiff re-alleges and reincorporates the allegations set forth in Paragraphs 1 through 30 as if fully set forth herein.

67.     IRS Form 1099-MISC and Form W-2 constitute information returns as contemplated by 26 U.S.C. §7434.

68.     Defendant Rainbow Reef issued one or more IRS Form 1099-MISC and/or other information returns regarding taxable wage payments made to Plaintiff by Defendant Rainbow Reef.

69.     The information returns issued by Defendant Rainbow Reef were fraudulent in that they unlawfully classified Plaintiff's compensation as that of a non-employee and/or incorrectly reported the amount of compensation paid to Plaintiff.

70.     Despite Plaintiff's proper classification as an employee of Defendant Rainbow Reef, she was required to pay the employer's pay roll tax responsibility to the IRS.

71.     Defendant Rainbow Reef willfully and intentionally issued fraudulent information returns for the express purpose of unlawfully evading its rightful tax burden and shifting it to Plaintiff.

72.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant Rainbow Reef's unlawful business practices unless and until this Honorable Court grants the relief requested herein.

73.     A copy of this Complaint is being filed with the Internal Revenue Service as required by the statute.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award in favor of Plaintiff and against Defendant Rainbow Reef any actual and/or statutory damages incurred as a result of Defendant Rainbow Reef's unlawful conduct as described; award Plaintiff the costs of

this action, together with reasonable attorney's fees; and grant such other and further relief as this

Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues and claims so triable.

Respectfully submitted, October 4, 2019.

/s/ Miguel Armenteros
Miguel Armenteros, Esq.
Fla. Bar No. 14929
John W. Annesser, Esq.
Fla. Bar No. 98233
Megan H. Conkey, Esq.
Fla. Bar No. 1002944
miguel@aa-firm.com
service@aa-firm.com
mconkey@aa-firm.com
jannesser@aa-firm.com
lconley@aa-firm.com
ANNESSER ARMENTEROS, PLLC
2525 Ponce de Leon Blvd, Suite 625
Coral Gables, FL  33134
(786) 600-7446   Telephone
(786) 607-3022   Facsimile
*Counsel for Plaintiff*

14